J-S14022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LOUIS RICHARD DICKERSON :
:
Appellant : No. 793 WDA 2021

Appeal from the PCRA Order Entered June 15, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012021-2017

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.: **FILED: July 26, 2022**

Louis Richard Dickerson (Appellant) appeals from the order entered in the Allegheny County Court of Common Pleas, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA)[1] as untimely. He seeks relief from the judgment of sentence imposed following his guilty plea to one count each of voluntary manslaughter and tampering with evidence[2] for the September 2017 shooting death of Omar Berry. Appellant contends the PCRA court erred in dismissing his petition as untimely when he established prior counsel was ineffective *per se* by failing to advise him of this right to file a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] *See* 18 Pa.C.S. §§ 2503(b), 4910(1).

PCRA petition until after the filing period expired. For the reasons below, we affirm.

The facts and procedural history relevant to this appeal are as follows. On September 14, 2017, Appellant shot Berry outside the door of Appellant's apartment. *See* Police Criminal Complaint, 9/14/17, Affidavit of Probable Cause at 2-3. Although he initially claimed that an unknown gunmen committed the crime, Appellant later admitted that he shot the victim, but "did so because he feared for his safety." *Id.* at 3. Appellant claimed they argued over drug money and he believed Berry was reaching for a gun; however, he later determined that Berry was unarmed. *Id.* Appellant was subsequently arrested and charged with criminal homicide[3] and tampering with evidence.

On March 26, 2018, Appellant, represented by Brandon Herring, Esquire (Plea Counsel), entered a guilty plea to one count each of voluntary manslaughter and tampering with evidence.[4] Appellant proceeded to sentencing on June 21, 2018, at which time the trial court imposed a sentence of five to 10 years' imprisonment, plus five years' consecutive probation for voluntary manslaughter, and no further punishment for tampering with

_____

[3] 18 Pa.C.S. § 2501(a).

[4] That same day, Appellant also entered a guilty plea at trial docket 2017-10091 to charges of criminal mischief, criminal trespass and public drunkenness for an unrelated incident. *See* N.T., 3/26/18, at 4-5, 15; *see also* 18 Pa.C.S. §§ 3304, 3503, 5505.

evidence. Thereafter, the court informed Appellant of his post-sentence rights as follows:

> Now that you've been sentenced, sir, you have post-sentencing rights. You have the right to file a motion in ten days. You have the right to file [a] direct appeal within 30. If you wish to assert those rights, you speak to your counsel. He knows what to do. If [counsel] are unavailable and you wish to assert your rights but cannot afford another lawyer, you let the Court know, and I'll see to it a lawyer is appointed on your behalf. That's it. We're done.

N.T. Sentencing H'rg, 6/21/18, at 32.

Appellant did not file a direct appeal. Thus, for purposes of PCRA review, his judgment of sentence was final on Monday, July 23, 2018, after the 30-day period for filing a direct appeal expired.[5] *See* 42 Pa.C.S. § 9545(b)(3) (judgment is final at conclusion of direct review, or at the expiration of time for seeking review); Pa.R.A.P. 903(a) (appeal must be filed within 30 days of entry of order on appeal). Appellant had one year from that date — or until July 23, 2019 — to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1) (PCRA petition must be filed within one year of date judgment of sentence is final).

Prior to the expiration of the one-year filing deadline, on June 12, 2019, Appellant sent the trial court a *pro se* document, in which he requested

---

[5] The 30th day, July 21, 2018, fell on a Saturday; therefore, Appellant had until Monday, July 23rd to file a timely notice of appeal. *See* 1 Pa.C.S. § 1908 (for purposes of computing time, when last day of period falls on a weekend or legal holiday, such day is omitted from computation).

"discovery." ***See*** Appellant's Request for Discovery, 6/12/19. This request did not include any claim of error or allegation of ineffective assistance of counsel. ***See id.*** On August 19, 2019 — nearly a month after the July 21, 2019, PCRA filing deadline — Appellant filed two *pro se* motions,[6] one seeking to withdraw his guilty plea, and the other requesting an "arrest of judgement [sic] . . . *nunc pro tunc*." ***See*** Appellant's Motion to Withdraw Guilty Plea, 8/19/19; Appellant's Motion to Arrest of Judgement [sic], 8/19/19. The trial court took no immediate action on these motions.

Subsequently, on September 10, 2019, Appellant filed a *pro se* PCRA petition, in which he averred, *inter alia*, that Plea Counsel provided ineffective assistance in "encouraging" him to enter an open guilty plea. ***See*** Appellant's Post-Conviction Relief Act Petition, 9/10/19, at 7. He also stated that he learned about his "right to file a PCRA after the [one-]year window expired."

_____

[6] Although the motions are dated July 5, 2019, they were not filed in the trial court until August 19, 2019. Appellant does **not** argue that we should consider the filing date to be July 5th pursuant to the "prisoner mailbox rule." ***See Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing."). Indeed, the certified record does not contain any documents — such as a certificate of mailing or a postmarked envelope — which "reasonably verfi[y]" that the motions were mailed before August 19th. ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997). Moreover, as explained *infra*, the crux of Appellant's argument is that he first learned of his right to challenge prior counsel's ineffective assistance in an August 12, 2019, letter. Accordingly, the prisoner mailbox rule has no application in the case before us.

*Id.* at 8. In support of this claim, he attached to his petition a letter from Plea

Counsel, dated August 12, 2019, which stated the following:

> Per your request please find enclosed a copy of your discovery.
>
> I would also like to let you know that if you have any concerns of effectiveness of counsel that you would need to file a Post-Conviction Relief Act petition. Those forms should be available at your institution.

Letter from Brandon Herring, Esquire, to Appellant, 8/12/19.

The PCRA court appointed Corrie Woods, Esquire, to represent

Appellant. *See* Order, 9/11/19. On November 25, 2019, Attorney Woods

filed an amended PCRA petition asserting one claim — that Plea Counsel was

ineffective *per se* for failing to timely advise Appellant of his right to file a

PCRA petition in order to challenge his own ineffectiveness. *See* Appellant's

Amended Petition, 11/25/19, at 2. The PCRA court initially issued

Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without conducting

an evidentiary hearing. *See* Notice of Intent to Dismiss, 2/4/20. However,

after receiving a response from Attorney Woods, the court scheduled a hearing

for April 14, 2020. *See* Order, 2/28/20. The hearing was continued twice,

and eventually conducted on September 15, 2020. Both parties filed post-

hearing briefs, and the PCRA court ultimately denied Appellant relief on June

15, 2021. *See* Order, 6/15/21. This timely appeal follows.[7]

---

[7] Appellant complied with the PCRA court's directive to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant raises one issue on appeal:

Does [P]lea [C]ounsel's failure to advise a defendant of his right to pursue relief pursuant to the PCRA, thereby defaulting otherwise available PCRA merits review, constitute ineffective assistance of counsel *per se* warranting reinstatement of his right to file a petition *nunc pro tunc*?

Appellant's Brief at 4.

Our review of an order denying PCRA relief is well-established. "[W]e examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–84 (Pa. 2016) (citation and quotation marks omitted). Moreover, "[w]e are bound by the PCRA court's credibility determinations, unless those determinations are not supported by the record; however, we review the PCRA court's legal conclusions *de novo*." ***Commonwealth v. Flor***, 259 A.3d 891, 902 (Pa. 2021) (citation omitted).

Here, the PCRA court properly construed Appellant's *pro se* petition to withdraw his guilty plea, filed on August 19, 2019, "as his initial PCRA petition." PCRA Ct. Op., 1/19/22, at 4. ***See Commonwealth v. Johnson***, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("[T]he PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition."). The court determined, however, the petition was untimely filed, and Appellant failed to prove the applicability of one of the exceptions to the PCRA's time bar. ***See*** PCRA Ct. Op. at 4-5. The statutory requirement that a PCRA petition be filed within one year of the date the judgment of sentence becomes final is a

- 6 -

"jurisdictional deadline" and a PCRA court may not ignore the untimeliness of a petition to address the merits of the issues raised therein. **Commonwealth v. Whiteman**, 204 A.3d 448, 450 (Pa. Super. 2019), *appeal denied*, 216 A.3d 1028 (Pa. 2019). **See also** 42 Pa.C.S. § 9545(b)(1).

Appellant does not dispute that his petition was untimely filed. Rather, he argues that Plea Counsel's failure to advise him of his right to file a PCRA petition, until **after** the expiration of the one-year filing deadline in Section 9545(b), constitutes *per se* ineffective assistance of counsel, such that his PCRA rights should be restored *nunc pro tunc*. **See** Appellant's Brief at 17-21. Relying on the Pennsylvania Supreme Court's decisions in **Commonwealth v. Peterson**, 192 A.3d 1123 (Pa. 2018), and **Commonwealth v. Rosado**, 150 A.3d 425 (Pa. 2016), Appellant contends the "appropriate focus is simple" — if "counsel's error completely default[s] all meaningful appellate or PCRA merits review . . . it constitutes ineffectiveness *per se*." **Id.** at 17. He further maintains he "remained ignorant" of his right to file a PCRA petition until he received Plea Counsel's August 2019 letter, which was sent **after** the time to file a PCRA petition had expired. **See id.** at 18-19. Moreover, while he acknowledges that "there is not yet an appellate decision holding specifically that plea counsel has an obligation to inform a defendant of his right to pursue" PCRA relief, he insists that "recognizing as much merely requires application of the principles set forth in the **Rosado**/**Peterson** family of cases and recognizing that they apply no matter the precise default." **Id.** at 20-21. Indeed, Appellant argues "there

- 7 -

is no meaningful difference between an attorney who fails to tell his client he has a right and one who does, but who fails to litigate it in a way that secures merits review." *Id.* at 21.

In denying Appellant relief, the PCRA court opined that it "consciously considered" his argument, but ultimately concluded it was "constrained to deny the instant PCRA because [it] could find no legal authority imposing a duty or obligation on trial counsel to inform a client of his or her rights under the" PCRA. PCRA Ct. Op. at 5. Further, the court observed that Appellant's PCRA counsel "conceded the lack of such legal authority[.]" *Id.* Because we agree that counsel has no obligation to inform a defendant of their right to file a PCRA petition, or the time frame within which to do so, we affirm the order of the PCRA court denying relief.

Preliminarily, we note it is well-settled that "claims of ineffectiveness do not overcome the statutory time limitations of the PCRA statute" and a petitioner may not argue that their discovery of prior counsel's ineffectiveness is a newly discovered fact pursuant to the Section 9545(b)(1)(ii) timeliness exception. *Commonwealth v. Tedford*, 228 A.3d 891, 905 (Pa. 2020), *cert. denied*, 141 S.Ct. 1755 (U.S. 2021). Nevertheless, the Pennsylvania Supreme Court has, in limited circumstances, permitted review of an otherwise untimely PCRA petition when counsel provided *per se* ineffective assistance.

In *Peterson*, the Supreme Court held that counsel's "untimely filing of [the petitioners'] first PCRA petition constituted ineffectiveness *per se*, as it completely deprived [the petitioner] of any consideration of his collateral

claims under the PCRA." **Peterson**, 192 A.3d at 1130. The Court relied, in part, on its decision in **Rosado**. **See id.** at 1131-32. Although **Rosado** did not involve an untimely PCRA, the Court reaffirmed the distinction between "errors [committed by counsel] which **completely** foreclose appellate review[,]" and those which "only **partially** foreclose such review." **Rosado**, 150 A.3d at 433. The Court explained that the former "amount to a constructive denial of counsel[,]" while the latter "are subject to the ordinary [ineffectiveness] framework[,]" that is, consideration of arguable merit, reasonable basis and prejudice. **Id.** The **Rosado** Court opined that when there is an "actual or constructive denial of counsel, prejudice may be so plain that the cost of litigating the issue of prejudice is unjustified, and a finding of ineffective assistance of counsel *per se* is warranted." **Id.** at 429. In **Rosado**, the Court concluded that counsel's "filing of an appellate brief which abandon[ed] all preserved issues in favor of unpreserved ones constitute[d] ineffective assistance of counsel *per se*." **Id.** at 434.

However, when the Supreme Court has determined a claim constitutes *per se* ineffective assistance of counsel, it has involved a clear error or omission of counsel — of an act counsel was plainly obligated to do — which completely deprived the defendant of appellate review. **See Peterson**, 192 A.3d at 1130 (counsel filed **untimely** PCRA petition); **Rosado**, 150 A.3d at 426 (counsel filed brief addressing **only unpreserved** issues); **Commonwealth v. Bennett**, 930 A.2d 1264, 1274 (Pa. 2007) (counsel failed to file an appellate brief). It is that clear error or omission that is missing

- 9 -

from the present case. Indeed, as the PCRA court opined, and PCRA counsel concedes, there is no mandate in either case law, or the Pennsylvania Rules of Criminal Procedure, requiring counsel to inform their client of the right to file a PCRA petition, or the time frame within which to do so.[8]

Pennsylvania Rule of Criminal Procedure 704 delineates the procedures a trial court must follow at the time of sentencing. Among other things, the Rule mandates that the court must "determine on the record that the defendant has been advised of . . . the right to file a post-sentence motion and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal[.]" Pa.R.Crim.P. 704(C)(3)(a). As noted above, in the present case, the trial court properly informed Appellant that he had 10 days within which to file a post-sentence motion, and 30 days to file a direct appeal. *See* N.T. Sentencing H'rg at 32. The court further told Appellant to "speak" to Plea Counsel if he wanted to do so, and if counsel was unavailable, to contact the court. *Id.* Thus, the court fulfilled its obligation under Rule 704(C)(3)(a).

Furthermore, Plea Counsel testified at the PCRA hearing that he spoke with Appellant following the sentencing hearing, and "advised him that if he was dissatisfied with his sentence, [they] could take an appeal." N.T. PCRA

---

[8] We emphasize that Appellant does **not** allege that he questioned Plea Counsel's effectiveness in any manner **before** he received counsel's August 2019 letter.

H'rg, 9/15/20, at 13. He stated, however, that Appellant told him "he did not wish to do so[.]" *Id.* Plea Counsel explained that the next time he heard from Appellant was in a letter in which Appellant requested a copy of his discovery, and "suggested" he was "dissatisfied with [Plea Counsel's] performance as his attorney." *Id.* at 14. Plea Counsel replied with the August 12, 2019, letter. *Id.* at 14-15. Although Plea Counsel was unsure of when he received the correspondence from Appellant, he testified it was his practice to "try to respond within a week." *Id.* at 20. Thus, he agreed it was "fair" to assume he received Appellant's letter in early August, rather than July — and, therefore, **after** the expiration of the PCRA filing deadline. *Id.* at 21.

Conversely, Appellant testified at the PCRA hearing that he told Plea Counsel he was dissatisfied with his sentence as they were "walking out of the courtroom." N.T. PCRA H'rg at 26. He claimed counsel responded, "okay, but I will not be your attorney anymore[,]" and Appellant believed the "process was started[.]" *Id.* at 26-27. He testified that he subsequently sent counsel three letters inquiring as to the progress of his case, and sent the final letter "maybe the second week of July" 2019.[9] *Id.* at 27. Appellant stated that Plea Counsel replied only to that third letter with the August 12, 2019, response. *Id.* The PCRA court explicitly stated that it found Plea Counsel's testimony on this issue to be credible, and discredited Appellant's testimony to the contrary.

_____

[9] Appellant acknowledged, however, that it was "possible" he did not send that final letter until after July 21, 2019. N.T. PCRA H'rg at 31.

- 11 -

*See id.* at 43-44. The court noted: "[T]here's no credible evidence that [Appellant] put [Plea Counsel] on notice that he wished to collaterally attack his conviction prior to the deadline of July [21,] 2019." *Id.*

Accordingly, the crux of Appellant's argument is that counsel **should be** required to inform their client of the right to file a PCRA petition, and the time frame for doing so. We decline to proclaim such a rule. The Pennsylvania Supreme Court has exclusive authority to promulgate "purely procedural criminal rules[,]" and the Pennsylvania legislature has the authority to enact statutory law. *Commonwealth v. Stultz*, 114 A.3d 865, 877 (Pa. Super. 2015). Absent any basis upon which to conclude Plea Counsel erred in the present case — for failing to inform Appellant of his PCRA rights when he was not required to — we agree with the determination of the PCRA court that Appellant is entitled to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/26/2022

- 12 -